UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bernadette McMillion, | : | |
| | : | **JURY DEMANDED** |
| Plaintiff, | : | |
| | : | No.:   2:21-cv-01976 |
| v. | : | |
| | : | |
| OS Restaurant Services, LLC | : | |
| d/b/a Bonefish Grill | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**COMPLAINT**

Plaintiff, Bernadette McMillion, by and through her undersigned counsel, files this Complaint and avers as follows:

**I. PARTIES AND JURISDICTION**

1. Plaintiff, Bernadette McMillion ("Plaintiff"), is an adult individual residing in Willingboro, Burlington County, New Jersey 08046.

2. Defendant, OS Restaurant Services, LLC, d/a/b Bonefish Grill, is a limited liability company, licensed by the Pennsylvania Department of Health and existing under the laws of Pennsylvania.

3. Defendant, OS Restaurant Services, LLC, d/a/b Bonefish Grill, is registered to do business in Bucks County, Pennsylvania and has a corporate headquarters address of 2202 North West Shore Blvd., Suite 500, Tampa, FL 33607.

4. Defendant, OS Restaurant Services, LLC d/b/a Bonefish Grill is referred to herein as ("Bonefish" or "Defendant").

1

5.   Defendant was Plaintiff's employer for all relevant times herein.

6.   Plaintiff worked for the Defendant's facility located in Bucks County, Pennsylvania with the address of 500 Oxford Valley Road in Langhorne, Pennsylvania.

7.   At all times material hereto, Defendant qualifies as Plaintiff's employer.

8.   At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9.   Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission and Exhibit "B," a true and correct copy of the "one-year letter" issued by the Pennsylvania Human Relations Commission.)

10.   This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and applicable federal and state law.

11.   Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

12.   Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

13.   The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

## II. FACTS

14. On or about August 1, 2016, the Defendant hired Ms. McMillion to work as an Assistant Culinary Manager for its Langhorne, Pennsylvania location.

15. At all times material hereto, Plaintiff was qualified for her position with the Defendant and performed her work without any complaint or issue.

16. Ms. McMillion was employed by Bonefish Grill for over three years.

17. Ms. McMillion was a loyal, committed and competent employee, who at the time of her separation, had no write-ups or disciplinary action taken against her.

18. Ms. McMillion was subjected to sexual harassment by Defendant's employees on multiple occasions, during the course and scope of her employment with the Defendant.

19. On or about February 1, 2019, Ms. McMillion began experiencing sexual harassment from one of Defendant's line cooks, Arturo Torres, as well as from Defendant's dishwasher, Eliseo Tellez.

20. Mr. Torres would make inappropriate comments towards Ms. McMillion and would often touch her backside without permission or consent.

21. Mr. Tellez would frequently try to hug Ms. McMillion and he would put his face into her breasts.

22. Mr. Torres would also tell the other line cooks not to speak to Ms. McMillion because she was his girlfriend.

23. Ms. McMillion reported to the front-of-house manager Trisha Feagley in or about April of 2019, that Mr. Tellez hugged her (which was unsolicited) and then put his face in her chest which caught Ms. McMillion off guard.

24. Ms. McMillion advised Ms. Feagley that she immediately went to Keith Snyder the kitchen manager to tell him what happened and after hearing about the incident, Mr. Snyder laughed and said, "you probably enjoyed it. Did he motorboat you?"

25. When Ms. Feagley heard Ms. McMillion's recitation of the facts, she was shocked, dropped and then shook her head and apologized to Ms. McMillion for what had happened.

26. Ms. McMillion believed that Ms. Feagley's response was sincere because she seemed genuinely concerned for Ms. McMillion's well-being and Ms. McMillion did not pursue the issue further at that time.

27. Defendant took no disciplinary action against Mr. Tellez and Ms. McMillion experienced a second incident of sexual harassment of a similar nature.

28. Ms. McMillion reported this second sexual harassment incident to Julio, the manager on duty at the time.

29. Julio laughed and shook his head, but neither spoke to, nor took any action against Mr. Tellez.

30. Mr. Tellez's behavior towards Ms. McMillion continued and to her knowledge nothing was ever said to him, so Ms. McMillion tried to avoid him until she left the company.

31. Ms. McMillion again complained to her supervisor, Tim Murphy, in or around June of 2019, that Mr. Torres was bumping and intentionally rubbing on her behind while working the line.

32. Ms. McMillion had previously reported Mr. Torres' unwanted touching to her supervisor, Mr. Snyder, and its clear that nothing was said or done to stop Mr. Torres' behavior.

33. Ms. McMillion then took it upon herself to personally speak to Mr. Torres and ask him to stop touching her.

34. After Ms. McMillion spoke to Mr. Torres, his inappropriate behavior stopped for a few months, only to begin again, this time with inappropriate comments and attempts at hugs her.

35. Ms. McMillion again reported this behavior to Mr. Murphy and that she was becoming frustrated with Defendant's lack of response.

36. Despite the additional complaints, the harassment by Mr. Torres and Mr. Tellez continued and both harassers remained employed by Defendant.

37. Defendant took no action to abate its employees' sexual harassment.

38. Due to Defendant's lack of action to abate Ms. McMillion's harassers, she left Defendant's employ in or around September of 2019.

39. Upon information and belief, Mr. Torres and Mr. Tellez continued their employment with Defendant where they continued to harass and assault other female employees of Defendant.

40. As set forth above, the Defendant engaged in discriminatory, and disparate treatment of Ms. McMillion during her employment.

41. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

#### COUNT I
#### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

## HARASSMENT

42. Plaintiff incorporates paragraphs 1-41 as if fully set forth at length herein.

43. The Defendant is responsible to create a work environment free from sexual harassment and assault and not create a hostile work environment which allowed Plaintiff to be sexually harassed by Defendant's employees.

44. Plaintiff's status as being woman places her in a protected class.

45. Plaintiff's membership in a protected class was a motivating factor for Defendant's employees to sexually harass and assault Plaintiff.

46. Plaintiff suffered disparate treatment by the Defendant, as set forth above.

47. This harassment by Ms. McMillion's co-workers detrimentally affected her in that, among other things she suffered embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant's actions.

48. The harassment by her coworkers would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, lost wages, and embarrassment.

49. The harassment of Ms. McMillion by Defendant's employees was willful and intentional.

50. Despite Ms. McMillion complaining about these issues to Defendant's supervisors, no remedial action was taken with respect to the harassment.

51. Ms. McMillion's working environment was so unusually adverse that a reasonable employee in her position would have felt compelled to resign.

52. Defendant either intended to force such resignation or had actual knowledge of the intolerable working conditions.

53. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

54. As a proximate result of the Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

55. As a result of the conduct of the Defendant's management, Plaintiff demands punitive damages.

56. Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), et seq.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**DISPARATE TREATMENT**

57. Ms. McMillion incorporates the preceding paragraphs as if fully set forth at length herein.

58. Plaintiff, as a woman, is a member of a protected class and as such is protected from employment discrimination based on sex.

59. Sex discrimination is a behavior that occurs when someone is treated differently because of their gender.

60. Sex harassment is a form of sex discrimination that violates Title VII of the Civil Rights Act.

61. Plaintiff was subjected to disparate treatment when she made complaints about sexual discrimination and harassing conduct in the workplace and was subsequently harmed by Defendant when they failed to take any action to abate the harassment.

62. Plaintiff was subjected to disparate treatment when Defendant's male employees ignored Plaintiff's complaints of sexual harassment by other male employees and therefore promoted the continued behavior.

63. Such adverse employment action imposed a burden upon Ms. McMillion that was not imposed upon the other male employees.

64. Upon information and belief, Defendant's male employees who are similarly situated to Plaintiff were not subjected to sexual harassment nor were their complaints of sexual harassment ignored.

65. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq*. and require the imposition of punitive damages.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**DISCRIMINATION**
**(43 P.S. § 955)**

66. Plaintiff incorporates paragraphs 1-65 as if fully set forth at length herein.

67. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on sex.

68. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69. The Defendant is an "employer" and thereby is subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

70. The Defendant's conduct in taking no action in response to Plaintiff's complaints of sexual harassment and assault constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

71. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

72. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA STATE LAW
## NEGLIGENT RETENTION AND SUPERVISION

73. Defendant owed a duty of care to Ms. McMillion and other female employees.

74. Defendant failed to perform that duty of care in providing for the continued employment of Mr. Torres and Mr. Tellez.

75. Defendant's failure to provide a duty of care to Ms. McMillion and other female employees, was the proximate cause of Ms. McMillion's damages.

76. Ms. McMillion sustained an actual loss or injury due to Defendant's breach of the duty of care.

77. The harm that Mr. Torres and Mr. Tellez caused to Ms. McMillion and other female employees occurred during the scope of their employment.

78. Defendant knew or should have known of the violent propensity of Mr. Torres and Mr. Tellez.

79. Defendant's continued employment of Mr. Torres and Mr. Tellez created a situation in which Ms. McMillion and other female employees were harmed.

80. Defendant failed to exercise reasonable care in determining Mr. Torres and Mr. Tellez's propensity for violence in the employment situation where the violence harmed Ms. McMillion and other female employees.

81. Defendant's continued employment of Mr. Torres and Mr. Tellez breached their duties to their employees against a risk of harm.

82. The risk of Mr. Torres and Mr. Tellez harming Ms. McMillion and other female employees was reasonably foreseeable by Defendant based on their prior acts.

83. Defendant is viciously liable for the negligent acts of Mr. Torres and Mr. Tellez committed during the course and scope of their employment.

## V. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Bernadette McMillion, demands judgment in her favor and against the Defendant, Bonefish Grill, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost

opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorney's fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: April 29, 2021                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
**PA Id. No.: 312785**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorney for Plaintiff, Bernadette McMillion*